## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JERRY WILLIAMS and WENDELL NEAL, Individually And On Behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| *vs.* | ) | |
| | ) | |
| ACKERMAN WRECKER SERVICE, INC., and WALTER GLEN SMITH, | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiffs Jerry Williams (hereafter "Williams") and Wendell Neal (hereafter "Neal"), by and through their undersigned counsel, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* (hereafter "the FLSA"), for themselves and on behalf of a class of similarly situated individuals, bring this Complaint against Defendants Ackerman Wrecking Service, Inc., (hereafter "Ackerman") and Walter Glen Smith (hereafter "Smith") for due but unpaid minimum wage compensation, due but unpaid overtime compensation, liquidated damages, Plaintiffs' costs of litigation including their reasonable attorneys' fees and for other relief on the grounds set forth as follows:

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

2.

Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because Defendants conduct business operations in this District and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

3.

Defendants employed Williams from on or about March 1, 2010 through August 29, 2011 at and from Defendant Ackerman's facility in College Park, Georgia.

4.

Defendants employed Neal from on or about February 1, 2011 through November 15, 2011 at and from Defendant Ackerman's facility in College Park,

Georgia.

5.

Defendants employed Williams in the furtherance of their commercial business in and around College Park, Georgia, in 2010.

6.

Defendants employed Williams in the furtherance of their commercial business in and around College Park, Georgia, in 2011.

7.

Defendants employed Neal in the furtherance of their commercial business in and around College Park, Georgia, in 2011.

8.

Ackerman is a corporation organized and existing under the laws of the State of Georgia and may be served with process via service on its registered agent, National Registered Agents, Inc.

9.

At all times material hereto, Ackerman has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

At all times material hereto, Ackerman has been "engaged in commerce" as

defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

At all times material hereto, Ackerman has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12.

At all times material hereto, Ackerman had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

Ackerman is subject to the personal jurisdiction of this Court.

14.

Smith is the chief executive officer of Ackerman.

15.

Smith is a resident of Bibb County, Georgia.

16.

Smith may be served with process at 5800 Riverside Drive, Macon, GA 31201.

17.

At all times material hereto, Smith has been an "employer" as defined in

FLSA § 3(d), 29 U.S.C. § 203(d).

18.

Smith is subject to the personal jurisdiction of this Court.

**FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFFS**
**AND THE CLASS THEY SEEK TO REPRESENT**

19.

Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Defendants who consent to the representation, pursuant to 29 U.S.C. § 216(b).

20.

Each individual Plaintiff's Consent to Be A Plaintiff in this FLSA Action is filed herewith as Exhibit "A".

21.

This action is brought by former employees of Defendants on behalf of all current and former employees who are or were employed by Defendants, as tow truck drivers.

22.

In the majority of work weeks within the three years prior to the initiation of this action, Defendants paid its tow truck drivers on the basis of a commission-only compensation plan.

23.

As a result of Defendants' commission-only pay plan, Plaintiffs worked many weeks for which Defendants failed to pay them the minimum wage as required by the FLSA.

24.

As a result of Defendants' commission-only pay plan, Plaintiffs worked many weeks for which Defendants failed to pay them at one and one half times their legally required minimum regular rate for work performed in excess of forty hours in a week.

25.

Plaintiffs and the class they represent were and/or are employees engaged in commerce by providing tow truck driving services to Defendants' customers, on behalf of Defendants, within the State of Georgia.

26.

Plaintiffs and the class they represent were and/or are employed by an enterprise engaged in commerce, as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

27.

Plaintiffs and the class they represent were and/or are an "employee[s]" of

Defendants as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

28.

Ackerman is primarily engaged in the business of providing tow truck services to customers in the Atlanta and Macon, Georgia metropolitan areas.

29.

In 2009, Ackerman had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

In 2010, Ackerman had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

In 2011, Ackerman had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

At all times material hereto, Ackerman was or is the "employer" of Plaintiffs and the class they represent as defined in FLSA § 3(d), 29 U.S.C. §203(d).

33.

At all times material hereto, Smith was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d) inasmuch as he was acting directly or indirectly in the interest of Ackerman in his interactions with Plaintiffs and the class they represent.

34.

At all times material hereto, Smith was the chief executive officer of Ackerman.

35.

At all times material hereto, Smith had authority and exercised control over the finances and operations of Ackerman.

36.

At all times material hereto, Smith exercised managerial authority and control over the day to day business of Ackerman, including the terms and conditions of employment for Plaintiffs and the class they represent.

37.

At all times material hereto, Smith exercised the control over the hiring and firing employees at Ackerman.

38.

At all times material hereto, Smith controlled employee work schedules and conditions of employment of Plaintiffs and the class they seek to represent.

39.

At all times material hereto, Smith determined the pay rate and the method of pay for Plaintiffs and the class they represent.

40.

At all times material hereto, Smith had authority and control over Ackerman's common policy to pay tow truck drivers on a commission-only basis so as to avoid paying either minimum wage or overtime compensation as required by the FLSA.

41.

Plaintiffs and each member of the class they represent were not guaranteed at least $455.00 per week in wages and the amount of their weekly wages could fluctuate below $455.00 depending on the amount of commission earned during the week.

42.

All of Defendants' pay records for Plaintiffs and the class they represent

reflect that Plaintiffs and the class they represent were paid by commission and were not salaried employees.

43.

Throughout Plaintiffs' employment with Defendants, and the employment of each member of the class they represent, each tow truck driver was routinely scheduled to work in excess of forty (40) hours per week and each routinely worked in excess of forty (40) hours per week.

44.

At all times material hereto, Plaintiffs and the class they represent were not subject to any exemption from the minimum wage requirements of the FLSA.

45.

At all times material hereto, Plaintiffs and the class they represent were not subject to any exemption from the overtime pay requirements of the FLSA.

46.

At all times material hereto, Defendants have failed to meet the requirements for any of the exemptions from application of the minimum wage requirements of the FLSA under 29 U.S.C. §§ 206.

47.

At all times material hereto, Defendants have failed to meet the requirements

for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213.

48.

The FLSA requires that Plaintiffs and each member of the class they represent are to be compensated minimum wage at a rate of at least $7.25 per hour for every hour worked in a work week.

49.

The FLSA requires that Plaintiffs and each member of the class they represent are to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in a work week.

50.

Defendants knew or should have known that the FLSA applied to Plaintiffs and the class they represent.

51.

Defendants knew or should have known that The FLSA requires that Plaintiffs and each member of the class they represent are to be compensated minimum wage at a rate of at least $7.25 per hour for every hour worked in a work week.

52.

Defendants knew or should have known that the FLSA requires that Plaintiffs and each member of the class they represent are to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in a work week.

53.

Upon information and belief, in failing or refusing to pay Plaintiffs and the class they represent minimum wage as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and/or the class members were not entitled to the minimum wage.

54.

Upon information and belief, in failing or refusing to pay Plaintiffs and the class they represent overtime compensation as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and/or the class members were not entitled to overtime compensation at one and one half times their regular rate.

55.

Defendants have refused to compensate Plaintiffs and the class they

represent at minimum wage as required by the FLSA and have willfully refused to rectify the situation.

56.

Defendants have refused to compensate Plaintiffs and the class they represent for work in excess of forty hours per pay period at the overtime rates required by the FLSA and have willfully refused to rectify the situation.

57.

Defendants are liable to Plaintiffs and to each member of the class they represent for compensation for any and all time at $7.25 per hour.

58.

Defendants are liable to Plaintiffs and to each member of the class they represent for compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times the regular rate.

59.

Defendants' conduct constitute willful violations of 29 U.S.C. §§ 206, 207 and 215 of the FLSA, entitling Plaintiffs and the class they represent to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## FACTUAL ALLEGATIONS REGARDING PLAINTIFF WILLIAMS

60.

Williams is a former employee of Defendants.

61.

Williams worked for Defendants from on or about March 1, 2010 through August 29, 2011at Defendants' facility in College Park, Georgia.

62.

Williams is owed minimum wage pursuant to 29 U.S.C. § 206 for each workweek he was employed by Defendants.

63.

Williams is owed overtime compensation for the time worked in excess of forty (40) hours per week at the rate of at least one and one-half times his legally required regular hourly rate pursuant to 29 U.S.C. § 207.

64.

As Defendants' violations of the FLSA were willful, Williams is entitled to an award of liquidated damages in an amount equal to the amount of his unpaid minimum wage and unpaid overtime compensation for a period of three years prior to the filing of this Complaint.

## FACTUAL ALLEGATIONS REGARDING PLAINTIFF NEAL

65.

Neal is a former employee of Defendants.

66.

Neal worked for Defendants from on or about February 1, 2011 through November 15, 2011 at Defendants' facility in College Park, Georgia.

67.

Neal is owed minimum wage pursuant to 29 U.S.C. § 206 for each workweek he was employed by Defendants.

68.

Neal is owed overtime compensation for the time worked in excess of forty (40) hours per week at the rate of at least one and one-half times his legally required regular hourly rate pursuant to 29 U.S.C. § 207.

69.

As Defendants' violations of the FLSA were willful, Neal is entitled to an award of liquidated damages in an amount equal to the amount of his unpaid minimum wages and his unpaid overtime compensation for a period of three years prior to the filing of this Complaint.

## CLAIMS FOR RELIEF

## COUNT ONE
## VIOLATION OF 29 U.S.C. §§ 206, 215 and 216
## AGAINST ALL DEFNDANTS

70.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

71.

From on or about February 1, 2009 through the initiation of this action, Defendants have failed to compensate Plaintiffs and the class they represent at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

72.

From on or about February 1, 2009 through the initiation of this action, Defendants willfully failed to compensate Plaintiffs and the class they represent at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

73.

Plaintiffs and the class they represent are entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29

U.S.C. § 216(b).

74.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs and the class they represent  are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

75.

Defendants' failure to compensate Plaintiffs and the class they represent at or above the minimum wage is a violation of § 206 and § 215 of the FLSA.

76.

Defendants' failure to compensate Plaintiffs and the class they represent at or above the minimum wage is intentional and willful.

77.

Defendants' failure to compensate Plaintiffs and the class they represent at or above the minimum wage gives rise to a claim for relief under the FLSA for unpaid minimum wages for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**COUNT TWO**
**VIOLATION OF 29 U.S.C. § 207, § 215 AND § 216**
**AGAINST ALL DEFENDANTS**

78.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

79.

From on or about February 1, 2009 through the initiation of this action, Defendants have failed to compensate Plaintiffs and the class they represent at one and one half times the legally required regular rate for worked performed in excess of forty hours per week as required by the FLSA.

80.

From on or about February 1, 2009 through the initiation of this action, Defendants have willfully failed to compensate Plaintiffs and the class they represent at one and one half times the legally required regular rate for worked performed in excess of forty hours per week as required by the FLSA.

81.

Defendants' failure to compensate Plaintiffs and the class they represent for time actually worked in excess of forty hours per week on the basis of one and

one-half times the legally required regular hourly rate of pay is a violation of § 207 and § 215 of the FLSA.

82.

Defendants' failure to compensate Plaintiffs and the class they represent for time actually worked in excess of forty hours per week on the basis of one and one-half times the legally required regular hourly rate of pay is intentional and willful.

83.

Defendants' failure to compensate Plaintiffs and the class they represent for time actually worked in excess of forty hours per week on the basis of one and one-half times the legally required regular hourly rate of pay gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs request that this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this case to proceed as an FLSA collective action under 29

U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c)   Issue an Order holding Defendants to be an "employer" as that term is defined under the FLSA;

(d)   Grant a trial by jury as to all matters properly triable to a jury;

(e)   Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(f)   Award Plaintiffs unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages;

(g)   Award each member of the class Plaintiffs represent unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages, for each week in the three years preceding each class member's joining of this collective action in which such class members were not compensated at or above the minimum wage;

(h)   Award Plaintiffs proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the

FLSA;

(i)     Award each member of the class Plaintiffs represent proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(j)     Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

(k)     Award each Plaintiff and each member of the class they represent their reasonable attorneys' fees and costs of litigation; and

(l)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

**DELONG CALDWELL
BRIDGERS & FITZPATRICK,
LLC**

_s/ Kevin D. Fitzpatrick, Jr._
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

*s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No.080791

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

**BILLIPS & BENJAMIN LLP**

*s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888

One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
(770) 859-0751 Telephone
(770) 859-0752 Facsimile
benjamin@bandblawyers.com

COUNSEL FOR PLAINTIFFS